IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HERBERT LEE COLEMAN                                        PETITIONER

v.                              NO. 2:19-cv-00133-JM/PSH

DEWAYNE HENDRIX                                        RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United
States District Judge James M. Moody Jr. You may file written objections
to all or part of this Recommendation. If you do so, those objections must:
(1) specifically explain the factual and/or legal basis for your objection,
and (2) be received by the Clerk of this Court within fourteen (14) days of
this Recommendation. By not objecting, you may waive the right to appeal
questions of fact.

DISPOSITION

The record reflects that petitioner Herbert Lee Coleman ("Coleman") pleaded guilty in the United States District Court for the Southern District of Iowa ("trial court") to two drug offenses and was sentenced to the custody of the Federal Bureau of Prisons ("BOP"). See United States v. Coleman, 3:08-cr-00115-2 (S.D.Iowa). His sentence was affirmed on appeal. See United States v. Coleman, 635 F.3d 380 (8th Cir. 2011).

The trial court subsequently reviewed Coleman's sentence to determine his eligibility for a reduction in his sentence as a result of retroactively applicable crack cocaine amendments to the Sentencing Guidelines. The court concluded that Coleman was not eligible because his sentence was determined "after applying the career offender sentencing guideline, not a crack cocaine driven guideline." See 3:08-cr-00115-2, Docket Entry 114.

The trial court next reviewed Coleman's sentence to determine his eligibility for a reduction in his sentence pursuant to 18 U.S.C. 3582(c)(2). The court concluded that he was not eligible because his sentence was determined "by referring to the career offender guidelines, not [the] crack cocaine guidelines." See 3:08-cr-00115-2, Docket Entry 118.

On March 22, 2019, Coleman filed a document that the trial court construed as a motion for reduction of sentence pursuant to the First Step Act.[1] The motion is currently pending before the trial court.

On October 21, 2019, Coleman began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he maintained that the BOP has failed to award him the good conduct credit he is entitled to under the First Step Act. He asked that he be awarded the credits.

Respondent Dewayne Hendrix ("Hendrix") thereafter filed a combined response and motion to dismiss. See Docket Entry 7. In the submission, Hendrix asked that the petition be dismissed for the following reasons: first, Coleman failed to exhaust his administrative remedies; and second, the good conduct credit he is entitled to under the First Step Act has been applied to his sentence, and his challenge is moot.

---

[1]    The document contained, in part, the following representations:

I am reaching out to your offices in the express hope of gaining some additional information from you to provide me with clarity on the steps the District will be following to make the determinations for those who qualify and will benefit from reductions in their sentence due to this Act.

As well please explain the necessary steps I will need to take to insure that I do not foreclose myself from being a beneficiary of the future possible reductions.

See 3:08-cr-00115-2, Docket Entry 123.

Coleman was given up to, and including, February 7, 2020, to file a reply to Hendrix's assertions. When Coleman failed to do so, the undersigned began reviewing the record. As a part of doing so, the undersigned reviewed the exhibits submitted by Hendrix, which included an affidavit from a BOP supervisory attorney. It appeared that the exhibits and affidavit did not address Hendrix's first reason for seeking the dismissal of this case, i.e., Coleman failed to exhaust his administrative remedies. Because an affidavit by a BOP supervisory attorney addressing the steps Coleman took, or failed to take, to exhaust his administrative remedies would be beneficial, Hendrix was asked to submit such an affidavit.

Hendrix has now filed an affidavit from a BOP supervisory attorney. In the affidavit, the attorney represents, in part, the following:

> As part of my official duties, I have access to records maintained in the ordinary course of business by the [BOP], including inmate central files.
>
> According to records maintained in the SENTRY database system, ... Coleman ... has filed only one administrative remedy request during his incarceration. It involved an allegation of staff misconduct in January of 2017, and was rejected. [Coleman] has not filed any other administrative remedies, to include requests dealing with his [good conduct time] and the [First Step Act].

See Docket Entry 10, Exhibit D at CM/ECF 1-2.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. On the basis of that review, the undersigned finds that Coleman's petition should be dismissed without prejudice because he failed to exhaust his administrative remedies.

The exhaustion question focuses on the procedure the petitioner used prior to arriving in federal court. See State of Missouri v. Bowen, 813 F.2d 864 (8th Cir. 1987). Before filing his petition, he is required to have completely exhausted his administrative remedies. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).[2] That requirement is clearly illustrated in Chapman v. United States Justice Department, 2019 WL 2030550 (E.D.Ark. 2019) (Ray, M.J.), report and recommendation adopted, 2019 WL 2030114 (E.D.Ark. 2019) (Moody, J.). In that case, Chapman filed

---

[2]    In adopting the Report and Recommendation of United States Magistrate Judge Beth Deere, United States District Judge Kristine G. Baker found the following with respect to the administrative remedies afforded a petitioner by the BOP:

> Under 28 C.F.R. 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. ... If the inmate is dissatisfied with the result of the informal process, he may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden; then to the Regional Director; and last, to the Office of General Counsel. ... "A prisoner's administrative remedies are not considered exhausted until his grievance has been filed and denied at each step." Bullock v. Beasley, No. 2:18-CV-84-BSM-BD, slip op. at 2 (E.D. Ark. 2018); 2019 WL 4997676, at 2.

See Adams v. Hendrix, 2019 WL 7631401, 1 (E.D. Ark. 2019), report and recommendation adopted, 2020 WL 365417 (E.D. Ark. 2020).

a petition pursuant to 28 U.S.C. 2241 and raised the identical claim Coleman raises here, i.e., the BOP failed to award good conduct credit under the First Step Act. Chapman's petition was dismissed, in part, because he failed to exhaust his administrative remedies before filing his petition and requiring him to do so would not be futile. With respect to the exhaustion requirement and Chapman's failure to satisfy the requirement, United States District Judge James M. Moody, Jr., found the following:

> Under the federal statute authorizing good time credit, 18 U.S.C. 3624, the BOP, not the district court, determines whether a prisoner should receive good time credit. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). If a prisoner believes that the BOP erred in computing his sentence, his initial remedy is to pursue administrative review of the BOP's computation. See United States v. Wilson, 503 U.S. 329, 331-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (citing 28 C.F.R. 542.19-542.16). For that purpose, the BOP provides prisoners with access to an administrative review program. [Footnote omitted].

> "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." Mathena v. United States, 577 F.3d 943 (8th Cir. 2009) (citing United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal citations omitted). [Footnote omitted].

> Chapman fails to allege or to provide any documentation indicating that he has exhausted his administrative remedies with the BOP. In fact, there is no indication in the record that Chapman made any effort to resolve the current dispute with the BOP, either informally or formally, before filing a 2241 habeas Petition.

See Chapman v. United States Justice Department, 2019 WL 2030550, 2–3, report and recommendation adopted, 2019 WL 2030114.

Here, Coleman failed to allege or provide any documentation indicating that he exhausted his administrative remedies prior to filing his petition. In fact, he left that portion of his petition blank. Coleman likely did so because, as the BOP supervisory attorney's affidavit conclusively establishes, Coleman made no effort to exhaust his administrative remedies. In short, there is no evidence he presented the issue at bar informally to BOP staff or pursued the three-step formal grievance process.

Notwithstanding the foregoing, the exhaustion requirement may be disregarded if the petitioner can show that attempting to exhaust would be futile. See Lueth v. Beach, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 552 U.S. 1121 (2008). Coleman has failed to make that showing. Specifically, he has failed to show that requiring him to exhaust his administrative remedies would be futile.

In conclusion, the undersigned finds that Coleman did not exhaust his administrative remedies before filing the petition at bar and has not shown that requiring him to do so would be futile. It is therefore recommended that his petition be dismissed without prejudice, all requested relief be denied, and judgment be entered for Hendrix.

DATED this 9th day of March, 2020.


_____
UNITED STATES MAGISTRATE JUDGE